IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GLORIA J. SAVEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:13-cv-1299 |
| FEDERAL HOME LOAN MORTGAGE CORPORATION et al., | ) Chief Judge Haynes |
| Defendants. | ) |

## ORDER

Plaintiff Gloria Savey, filed a complaint purporting to assert claims against number of Defendants, including: Federal Home Loan Mortgage Corporation, MERS Registration System Inc., Countrywide Homes Loans, Inc., Arnold M. Weiss, and National Mortgage. (Docket Entry No. 1.) Before the Court is Plaintiff's application to proceed *in forma pauperis*. Because the application establishes that Plaintiff lacks the financial ability to pay in advance the federal filing fee, the application (Docket Entry No. 2) is **GRANTED**.

Although the Court has never directed that service of process be effected, Defendants Bank of America, N.A., Federal Home Loan Mortgage Corporation, and MERS Registration System, Inc. have now filed a Motion to Dismiss and supporting memorandum of law (Docket Entry Nos. 3 and 4). Irrespective of the motion to dismiss, having granted Plaintiff leave to proceed *in forma pauperis*, the Court must conduct an initial review of the complaint, 28 U.S.C. § 1915(e)(2), to determine whether the claims set forth therein are frivolous or malicious, fail to state a claim for which relief may be granted, or seek relief from a defendant who is immune from such relief. Any claims in the complaint that match such a description are

subject to summary dismissal, prior to service on the defendants. *Id.* § 1915(e)(2)(B). In conducting the initial screening, the Court must construe a *pro se* plaintiff's complaint liberally and hold the complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

To state a colorable claim for relief, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the Court must, at this stage in the proceedings, accept as true any factual allegations, the Court need not accept conclusory statements or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Applying this standard to the complaint at issue here, the Court concludes that the complaint fails to state a claim for which relief may be granted. The complaint recites numerous legal principles and standards, and it purports to state claims under 42 U.S.C. § 1983. The complaint, however, is utterly devoid of any particularized factual allegations to support any such claims. In the section entitled "Statements of Fact of Violations Listed Below," the complaint alleges in full as follows:

   1.   The Defendant(s) Nor the Agent(s) can produce a Valid Warrant or Claim.

   2.   The Defendant(s) Nor the Agent(s) can produce a Contract(s) or Agreement(s).

   3.   The Defendant(s) Nor the Agent(s) can Produce any Original Note(s).

   4.   The Defendant(s) must meet Point for Point on all Fact's Presenting

Below.

5. The Defendant(s), Trustee(s), and Agent(s) have Violated the Public Trust of 73-10.

6. The Defendant(s), Trustee(s), and Agent(s) have forged Documents with the Petitioners name.

7. The Defendant(s), Trustee(s), and Agent(s) have violated multi Notary Public Laws.

(Docket Entry No. 1, at 4.) In addition to these statements, Plaintiff includes eight pages of citations to various statutes, constitutional amendments, federal rules, and articles, but without identifying any acts by any Defendants that violates any of the referenced laws. These bare allegations are insufficient to state a colorable claim against any Defendant.

Accordingly, Defendants' motion to dismiss (Docket Entry No. 3) is **GRANTED** and this action is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted.

It is so **ORDERED**.

**ENTERED** this the 24th day of January, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court